UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MAURICE BURNETTE,

          *Plaintiff*,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          *Defendant*.
----------------------------------X

**MEMORANDUM AND ORDER**

17-cv-5549 (KAM)

**MATSUMOTO, United States District Judge:**

    *Pro se* Plaintiff Maurice Quentin Burnette ("Burnette" or "Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), which found Plaintiff not disabled and thus not entitled to disability insurance benefits under Title II or Supplemental Security Income under Title XVI of the Social Security Act ("the Act"), after finding that Plaintiff could perform work that existed in the national economy. Both parties have moved for judgment on the pleadings.[1] For the reasons set forth below, Defendant's motion is DENIED, Plaintiff's motion is GRANTED in part and DENIED in part, and this action is REMANDED for further proceedings consistent with this Memorandum and Order.

---

[1] The Court construes Plaintiff's opposition to Defendant's motion as Plaintiff's cross-motion for judgment on the pleadings.

1

**Background**

The parties to this action have entered a joint Stipulation of Relevant Facts detailing Burnette's medical history and Burnette's testimony at his administrative hearing. (ECF No. 15-1, Joint Stipulation of Relevant Facts.) To the extent this action involves confidential medical information, the Court declines to detail it in this Memorandum and Order and hereby incorporates the stipulated facts by reference.[2]

Burnette applied for disability insurance benefits on June 3, 2015 and for supplemental security income benefits on August 26, 2015. (ECF No. 17, Administrative Transcript ("Tr."), at 260-264, 267-268.) Burnette alleged disability beginning December 1, 2013 due to [redacted], depression, joint problems, herniated discs, back problems, right leg sciatica, and right leg swelling. (*Id.* at 294.)

On December 4, 2015, the Social Security Administration ("SSA") denied Burnette's application for disability insurance benefits. (*Id.* at 178-181, 182-186.) Burnette filed a request for reconsideration, which the SSA denied. (*Id.* at 188-193.) Burnette then requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 198-203.)

---

[2] The publicly filed version of this Memorandum and Order redacts references to confidential medical information. An unredacted Memorandum and Order will be filed under seal.

2

On November 7, 2016, Burnette appeared with counsel and testified before ALJ F. Jefferson Hughes. (*Id.* at 36-71.) Following the hearing, ALJ Hughes issued a decision affirming the SSA's determination that Burnette did not qualify as disabled within the meaning of the Act and, as a result, was not entitled to benefits. (*Id.* at 13-30.)

On May 24, 2017, Plaintiff appealed ALJ Hughes' decision to the Appeals Council. (*Id.* at 254-259.) The Appeals Council denied Burnette's request for review, making ALJ Hughes' decision the final decision of the Commissioner. (*Id.* at 1-6.) This action followed. (*See generally* ECF No. 1, Compl.)

## **Standard of Review**

Unsuccessful claimants for disability benefits may bring an action in federal court seeking judicial review of the Commissioner's denial of their benefits. 42 U.S.C. §§ 405(g), 1383(c)(3). The reviewing court does not have the authority to conduct a *de novo* review, and may not substitute its own judgment for that of the ALJ, even when it might have justifiably reached a different result. *Cage v. Comm'r*, 692 F.3d 118, 122 (2d Cir. 2012). Rather, "'[a] district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal

error.'" *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

"Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)). If there is substantial evidence in the record to support the Commissioner's factual findings, those findings must be upheld. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Inquiry into legal error requires the court to ask whether "'the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act.'" *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

## Discussion

**I. The Commissioner's Five-Step Analysis of Disability Claims**

A claimant must be "disabled" within the meaning of the Act to receive disability benefits. *See* 42 U.S.C. §§ 423(a), (d). A claimant qualifies as disabled when she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

4

can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A); *Shaw*, 221 F.3d at 131-32. The impairment must be of "such severity" that the claimant is unable to do her previous work or engage in any other kind of substantial gainful work. 42 U.S.C. § 423(d)(2)(A).

The regulations promulgated by the Commissioner prescribe a five-step sequential evaluation process for determining whether a claimant meets the Act's definition of disabled. *See* 20 C.F.R. § 404.1520. The Commissioner's process is essentially as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in [her] prior type of work, the Commissioner must find [her] disabled if (5) there is not another type of work the claimant can do.

*Burgess*, 537 F.3d at 120 (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)); *accord* 20 C.F.R. § 404.1520(a)(4). If the answer at any of the previously mentioned steps is "no," the analysis stops and the ALJ must find that the claimant does not qualify as disabled under the Act.

"The claimant has the general burden of proving . . . his or her case at steps one through four of the sequential five-step framework established in the SSA regulations." *Burgess*, 537 F.3d at 128 (internal quotation marks and citations

5

omitted). "However, [b]ecause a hearing on disability benefits is a nonadversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Id.* (internal quotation marks omitted). "The burden falls upon the Commissioner at the fifth step of the disability evaluation process to prove that the claimant, if unable to perform her past relevant work [and considering her residual functional capacity, age, education, and work experience], is able to engage in gainful employment within the national economy." *Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y. 1997).

"The Commissioner must consider the following in determining a claimant's entitlement to benefits: '(1) the objective medical facts [and clinical findings]; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability . . . ; and (4) the claimant's educational background, age, and work experience.'" *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 262 (E.D.N.Y. 2001) (quoting *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (alterations in original)). If the Commissioner finds a combination of impairments, the Commissioner must also consider whether "the combined effect of all of [a claimant's] impairment[s]" establish the claimant's eligibility for Social Security benefits. 20 C.F.R. § 404.1523(c); *see also id.* § 416.945(a)(2).

6

## II. ALJ Hughes' Application of the Five-Step Analysis

Using the five-step sequential process to determine whether a claimant is disabled as mandated by the SSA regulations, ALJ Hughes made the following determinations:

At step one, ALJ Hughes found that Burnette "has not engaged in substantial gainful activity since December 1, 2013, the alleged onset date" of his disability. (Tr. 15.)

At step two, ALJ Hughes found that Burnette suffered from the severe impairments of [redacted],[3] depression, and asthma. (*Id.*) ALJ Hughes also found that Burnette suffered from several non-severe impairments, including "herpes, history of hepatitis C, degenerative joint disease of cervical spine, degenerative disease of the lumbar spine, mild to very mild carpal tunnel syndrome, posttraumatic stress disorder, bipolar disorder, hepatitis A immune, hepatitis B immune, reported history of insomnia, GERD, reported history of colitis, mild rotary levoscoliosis at thoracolumbar spine, allergic rhinitis,

---

[3] The information regarding claimant's [redacted] was accompanied by the following warning: "This information has been disclosed to you from confidential records which are protected by state law. State law prohibits you from making any further disclosure of this information without the specific written consent of the person to whom it pertains, or as otherwise permitted by law. Any unauthorized further disclosure in violation of state law may result in a fine or jail sentence or both. A general authorization for the release of medical or other information is NOT sufficient for further disclosure."

7

degenerative changes to the bilateral knees, anxiety, and near obesity." (*Id.* at 15-19.)

At step three, ALJ Hughes determined that from December 1, 2013 through the date of the hearing, Burnette did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments 20 CFR Part 404, Subpart P, Appendix 1," although ALJ Hughes considered Listing 12.04 (depressive, bipolar, and related disorders). (*Id.* at 19-21.)

At step four, ALJ Hughes determined that Burnette could not perform his past relevant work as a medical biller or cook, as the vocational expert at the hearing testified that such work exceeded Burnette's residual functional capacity. (*Id.* at 28.) ALJ Hughes explained, however, that Burnette was capable of performing less than the full range of light work, "except no climbing ladders, ropes, scaffolds, occasional crouching, climbing stairs, balancing, stooping, kneeling, crawling, occasional reaching overhead bilaterally, frequent handling and fingering bilaterally, avoid concentrated exposure to pulmonary irritants and hazards, simple . . . , low stress . . . jobs only, occasional interaction with general public and coworkers." (*Id.* at 21.)

At step five, ALJ Hughes found Burnette capable of performing work that was available in the national economy,

8

namely, as a night cleaner, produce sorter, and inspector tester sorter. (*Id.* at 29.) ALJ Hughes thus concluded that Burnette did not qualify as disabled within the meaning of the Act and was not entitled to benefits. (*Id.* at 30.)

### III. ALJ Hughes' Error in Applying the Five-Step Analysis

Burnette alleges that ALJ Hughes erred by failing to consider Listing [redacted] at step three.[4] The Court agrees.

An ALJ considering a claimant's entitlement to benefits must determine whether that claimant's impairment(s) meets or equals an impairment catalogued in "The Listing of Impairments" ("the Listings"). *See* 20 C.F.R., Pt. 404, Subpt. P, App'x 1. The Listings describe specific impairments of each of the major body systems which are considered "severe enough to prevent a person from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a); *see also id.* § 416.925(a). Most of these impairments "are permanent or expected to result in death." *Id.* §§ 404.1525(c)(4), 416.925(c)(4). For some impairments, the evidence must show that the impairment has lasted for a specific time period. *Id.* §§ 404.1525(c)(4), 416.925(c)(4). "For all others, the evidence must show that [the] impairment(s) has

---

[4] Burnette cited Listing [redacted], which was replaced by Listing [redacted] effective January 17, 2017, a date after Burnette's hearing before ALJ Hughes and prior to the date of decision. (ECF No. 16, Plaintiff's Cross-Motion for Judgment on the Pleadings.) The findings contained herein apply under both Listing [redacted] and Listing [redacted].

9

lasted or can be expected to last for a continuous period of at least 12 months." *Id.* §§ 404.1525(c)(4), 416.925(c)(4). A claimant is presumptively disabled if her impairment meets or equals a listed impairment. *See, e.g.*, *Schaal*, 134 F.3d at 501 ("If the claimant's impairment is one of those listed [in Appendix 1], the SSA will presume the claimant to be disabled.").

A mere diagnosis is insufficient to meet or equal a listed impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d). The Listings describe the "the objective medical and other findings needed to satisfy the criteria of that listing." *See id.* §§ 404.1525(c)(3), 416.925(c)(3). A claimant must establish that she "satisfies all of the criteria of that listing, including any relevant criteria in the introduction." *Id.* §§ 404.1525(c)(3), 416.925(c)(3). A claimant must show symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment. *Id.* §§ 404.1526, 416.926. If a claimant's impairment is not listed, then the impairment will be compared to listings that are "closely analogous" to the claimant's impairment. *See generally id.* §§ 404.1526, 416.926 (explaining medical equivalence).

The current listing applicable to [redacted], Listing [redacted], provides that a claimant's [redacted] renders him

10

presumptively disabled under certain circumstances. Listing [redacted]. A claimant with [redacted] is presumptively disabled where, *inter alia*, the claimant provides enough documentation of his [redacted] and of [manifestations and limitations specified in the Listings]. Listing [redacted].

Former District Judge Gleeson explained that an ALJ's failure to properly apply the listing applicable to [redacted] is grounds for remand:

> An ALJ faced with an [redacted]-related disability must evaluate the claimant's allegations under Listings [redacted] and [redacted]. Listing [redacted] contains an extensive list of [redacted] symptoms and [redacted]-related conditions, each of which, if found, would call for a finding of disability. Among those symptoms and conditions, a claimant's [redacted] status meets the listing where the claimant has suffered "[manifestations and limitations specified in the Listings]." Listing [redacted], which provides general instructions regarding the ALJ's evaluation of a claimant's [redacted] symptoms, states that the side effects of [redacted] medication are to be given the same weight as effects of the disease itself.

*Milien v. Astrue*, No. 10-CV-2447 JG, 2010 WL 5232978, at *7 (E.D.N.Y. Dec. 16, 2010) (addressing Listing [redacted], which has since been replaced by Listing [redacted] (citations omitted)).

The record in this case demonstrates that Burnette suffered from fatigue, weakness, Hepatitis A, Hepatitis B, Hepatitis C, herpes, colitis, and neuropathies. ALJ Hughes considered each of these impairments separately and found them

11

to be non-severe. But ALJ Hughes failed to consider the combined effect of these impairments and to properly address them as symptoms of Burnette's [redacted] infection under Listing [redacted]. Indeed, several of Burnette's impairments are enumerated in Listing [redacted] as evidence of ongoing [redacted] infection and should have been addressed as such. As ALJ Hughes failed to properly consider Listing [redacted], the Court cannot meaningfully review ALJ Hughes' determination that Burnette did not qualify as disabled despite the evidence in the record of Burnette's [redacted] infection and the combined effect of his impairments.

## Conclusion

Federal regulations explicitly authorize a court, when reviewing decisions of the SSA, to order further proceedings where appropriate. 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). Remand is warranted where "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks omitted)). Remand is particularly appropriate where further findings or explanation

12

will clarify the rationale for the ALJ's decision. *Pratts*, 94 F.3d at 39. In this action, remand is appropriate because ALJ Hughes did not appropriately consider Listing [redacted] or explain why Burnette did not meet or equal said listing. This action is accordingly REMANDED for further proceedings consistent with this Memorandum and Order.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 28, 2020

/s/
Hon. Kiyo A. Matsumoto
United States District Judge